IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK VOTH,

        Plaintiff,

2:12-cv-1156-HO

v.

R. COURSEY, et al.,

        ORDER

        Defendants.

HOGAN, District Judge.

    Plaintiff's "Motion for Permanent Injunction" seeks an order directing the defendants to 'Immediately transfer the plaintiff back to OSCI ... ." Motion (#10) p. 1. Because this request is among the relief requested in plaintiff's underlying complaint, I construe the request as one for preliminary relief.

    The general rules for granting preliminary relief are familiar and need not be discussed in detail. "The purpose of a preliminary injunction is merely to preserve the relative

1 - ORDER

positions of the parties until a trial on the merits can be held," and it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. University of Texas v. Camenisch, 451 U.S. 391, 395 (1981); Tanner Motor Livery, Ltd. V. Avis, Inc, 316 F.2d 804, 808 (9th Cir. 1983). See also, Regents of University of California v. ABC, Inc., 747 F.2d 511, 514 (9th Cir. 1984) ("* * * the function of a preliminary injunction is to preserve the *status quo ad litem*.") Wright and Miller, Federal Practice and Procedure § 2947 (1973) ("* * * the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's actions or refusal to act").

In this case, the preliminary equitable relief that plaintiff seeks would in essence constitute a judgment on the merits of plaintiff's underlying claim and is therefor inappropriate.

In addition, "[u]nder the Prison Litigation Reform Act (PLRA), prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials[.]" Lunford v. Bannister, 2009 U.S. Dist. LEXIS 26247, 19-20 (D. Nev. Feb 10, 2009) (denying a pro se inmate plaintiff's motion for preliminary injunction to compel surgery for a non-life-threatening condition and continuing care while incarcerated). Under the PLRA,

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any

adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

The Ninth Circuit has characterized this section's effect as to operate "simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators - no longer may courts grant or approve relief that binds prison administrators to do more that the constitution requires." Gilmore v. People of the State of California, 220 F.3.d 987, 999 (9th Cir. 2000).

In this case, plaintiff has not demonstrated that the various physical limitations alleged in his complaint cannot be accommodated by means other than an "immediate transfer back to OSCI."

Based on the foregoing, plaintiff's Motion for permanent injunction (#10) is denied.

IT IS SO ORDERED.
DATED this 1st day of August, 2012.

Michael R. Hogan
United States District Judge

3 - ORDER