IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK VOTH,

        Plaintiff,        2:12-cv-01156-AA

    v.                        ORDER

R. COURSEY, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, in inmate in the custody of the Oregon Department of Corrections, filed an amended complaint under 42 U.S.C. § 1983 alleging a wide variety of civil rights violations including retaliation for filing a "sexual harassment and abuse complaint," "unlawful imprisonment," Eighth Amendment violations, denial of access to the courts, and violations of the Americans with Disabilities Act, 3rd Amended Complaint (#49), p. 4-5

1 - ORDER

Plaintiff has filed a "Supplemental Motion for Preliminary Injunction" (#74) requesting the court to issue an order directing "the defendants at (OSCI) to refrain from refusing to process and file plaintiff's grievances and discrimination complaint: and return plaintiff legal material to be submitted to the Oregon Court of Appeal." (Sic) Supplemental Motion for Preliminary Injunction (#74) p. 6.

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the publich interest." Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 20 (2008); Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

In addition, incarcerated inmates cannot receive preliminary injunctions against prison officials without also satisfying the "comprehensive set of standards" set forth in the PLRA. Gilmore v. People of the State of Calif., 220 F.3d 987, 998 (9th Cir. 200). The PLRA provides that federal courts "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct

2 - ORDER

the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In the first place, plaintiff's requested injunctive relief has nothing to do with his underlying claims. Therefore he has failed to establish any probability of success on the merits.

In addition, plaintiff's general allegation that defendants have refused to process his grievances are vague and unsupported by any specific factual allegation that his grievances have not been properly processed. Plaintiff refers to "Exhibit 95D-3" as evidence of his allegation that he was notified that "none of his grievances or discrimination complaints will be processed or filed unless Ms. Hatfield determines they may be accepted," Supplemental Motion (#74) p. 2, but no such exhibit is attached to plaintiff's motion.

Plaintiff's request for an order requiring defendants to return his legal material to be submitted to the Oregon Court of Appeals" is unsupported by any specific factual allegation that defendants took or possess any such "legal materials."

Plaintiff has failed to establish a fair chance of success on the merits of his claims or that he will be irreparably harmed if preliminary injunctive relief is not granted.  Therefore, plaintiff's Supplemental Motion for Preliminary Injunction (#74) is denied.  Plaintiff's Motion

3 - ORDER

for Hearing on Preliminary Injunction (#75) is denied as moot.

Plaintiff has also filed a Second Supplemental Motion for Injunctive Relief (#83) and Third Supplemental Motion for Injunctive Relief (#84). However, plaintiff has failed to establish any of the relevant factors for determining whether a preliminary injunction should issue. *See*, <u>United States v. Odessa Union Warehouse</u>, 833 F.2d 172, 174 (9th Cir. 1987); *see also*, <u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1319 (9th Cir. 1994). Therefore, plaintiff's Motions (#83) and (#84) are denied.

Defendants' Motion for Order (#81) is allowed. Defendants are allowed 60 days from the date of this order to notify the court whether the Oregon Department of Justice will represent the additional defendants named in plaintiff's Second Amended Complaint (#49) [incorrectly captioned "Third Amended Complaint].

Plaintiff's Motion for Extension of time (#85) is allowed to the extent that plaintiff is allowed an additional 30 days to file a response to defendants' Motion to Dismiss (#78). Plaintiff's response to defendants' motion (#78) is now due on June 6, 2013. The motion will be taken under advisement by

///

///

///

the court 14 days thereafter - on June 21, 2013.

    IT IS SO ORDERED

    DATED this 20 day of April, 2013.

                                                  */s/ Ann Aiken*
                                                  Ann Aiken
                                                  United States District Judge