IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK VOTH,

        Plaintiff,        2:12-cv-01156-AA

    v.                         ORDER

R. COURSEY, et al.,

        Defendants.

AIKEN, District Judge.

    A telephone hearing regarding discovery matters in this case was to be held on December 10, 2013.

    In a letter to the court dated December 2, 2013, plaintiff wrote *inter alia*: " ... I will not be participating in the December 10, 2013 hearing with you and Mr. Hogue, because the court does not have any jurisdiction to hear my claims pertaining to the conditions of confinement I am being subjected to at OSP." Plaintiff concluded the letter as

1 - ORDER

follows: "I am aware you are not going to allow me the right to litigate this action and receive compensatory damages for the injury being done in my person, therefore, will the court please send me a copy of the order dismissing this civil action?"

At the time set for the hearing, court staff placed a telephone call to plaintiff at the Oregon State Penitentiary. Upon answering the phone, plaintiff stated: "I am not participating in anything," and hung up.

I construe plaintiff's letter as a motion for voluntary dismissal of this action. I interpret his response to the court's phone call as confirmation of plaintiff's intent to voluntarily dismiss this case.

The court makes the following findings of fact and conclusions of law for the record.

1. Plaintiff is an inmate in the custody of the Oregon Department of Corrections.

2. This court has jurisdiction under 42 U.S..C. § 1983 to determine plaintiff's claims pertaining to the conditions of his confinement at the Oregon State Penitentiary

3. A prisoner is prohibited from proceeding in a civil action without full prepayment of filing fees if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the

2 - ORDER

United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

4. Plaintiff has "three strikes." Plaintiff was allowed to proceed *in former pauperis* in this action because the claims in plainitff's original complaint can be construed as alleging that he is under imminent danger of serious physical injury.

5. Plaintiff's Motion for Leave to file a Third Amended Complaint (#93) was denied in part because the proposed Third Amended Complaint alleged additional claims that did not allege facts that would indicate that plaintiff was under imminent danger of serious physical injury.

6. Plaintiff has filed no less than ten (10) motions for preliminary equitable relief. Four of those motions were rendered moot by plaintiff's transfer to a different institution. Plaintiff's Supplemental Motion fo Preliminary Injunction (#74) was denied for the reasons set forth in the court's Order (#88). Plaintiff's subsequent, duplicative motions were summarily denied by minute order.

7. The court has extended plaintiff every possible personal and professional courtesy that all litigants are entitled to and has afforded plaintiff the additional

3 - ORDER

consideration of the rule that requires courts to liberally construe *pro se* pleadings and afford *pro se* plaintiff the benefit of any doubt.

8. The court declined to rule on an apparently meritorious motion to dismiss based on plaintiff's failure to exhaust administrative remedies in order to afford plaintiff the opportunity to litigate his Eighth Amendment claim on the merits.

9. The court took the extraordinary measure of ordering counsel for defendants to attempt to locate unspecified "legal materials" unrelated to this case which plaintiff alleges that corrections officials lost or destroyed.

10. In deference to plaintiff's sensitivity regarding the disclosure of his medical records and refusal to sign a release, the court took the extraordinary precaution of ordering clearly discoverable medical records to be submitted to the court for *in camera* inspection prior to being provided to defendants. Despite the fact that those records have not been provided to defendants, and the fact that the record's were submitted to the court for *in camera* inspection pursuant to a court order, plaintiff has stated his intention to "file a civil action against the Health Service Manager in her 'Individual Capacity' to redress the 'Economical Damages' caused from the wrongful disclosure of my medical records."

4 - ORDER

*See*, Plaintiff's letter to the court dated December 2, 2013.

11.  Plaintiff's allegation in a "Judicial Misconduct Complaint" addressed to the Ninth Circuit Court of Appeals dated September 17, 2013, that this court has conspired with the Attorney General of the State of Oregon to discriminate against plaintiff and "taken affirmative action to have Claimant injured and/or killed by the defendants," is false.

12.  The court regrets that plaintiff's apparent impatience, frustration and anger precluded the court from it's intended goal of obtaining current, relevant medical information regarding plaintiff's alleged mobility impairments and ordering equitable relief if appropriate.

Plaintiff's request for voluntary dismissal of this action is allowed. The Clerk of the Court is directed to enter a judgment dismissing this action with prejudice.

*Any appeal from this order or judgment of dismissal would be frivolous and not taken in good*

DATED this 12th day of December, 2013.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge

5 - ORDER